**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 6050<br>CAMDEN, NJ 08101<br>856-757-5167 |

July 9, 2025

<u>VIA CM/ECF</u>
Neil B. Friedman
Hodgson Russ LLP
25 Main Street, Suite 605
Hackensack, NJ 07601

<u>**LETTER ORDER**</u>

Re:   ***Phillips 66 Company v. Bronson Oil Fee Holdings, LLC***
<u>**Civil Action No. 24-07493**</u>

Dear Counsel:

This matter comes before the Court on a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and a permanent injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act, 15 U.S.C. § 1116(a) by Plaintiff Phillips 66 Company ("Plaintiff") against Defendant Bronson Oil Fee Holdings, LLC ("Defendant"). (ECF No. 23). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff has long and continuously used in commerce the "CONOCO" word mark, its capsule device logo, its road design logo, and related service-station trade dress in connection with gasoline, motor oil, fuel, and service station operations (collectively, "CONOCO Marks and Trade Dress"). (Am. Compl., ECF No. 7 at ¶¶ 7–9). Additionally, Plaintiff is the owner of numerous federal trademark registrations for the CONOCO Marks and Trade Dress, including, but not limited to U.S. Registration Nos. 521,617, 935,806, 1,067,959, 1,911,017, 3,177,151, 3,226,182, 3,226,183, and 3,354,648. (*Id.* at ¶ 10).

Previously, Plaintiff and Defendant entered into an agreement which authorized Defendant to display fuel advertisements bearing the CONOCO Marks and Trade Dress at its retail fuel station, (the "Infringing Site"), but this authorization expired on September 1, 2021. (*Id.* at ¶ 21). Plaintiff repeatedly demanded that Defendant remove the CONOCO Marks and Trade Dress from the Infringing Site, sending letters on November 15, 2023, January 29, 2024, April 10, 2024, April 13, 2023, and August 18, 2023. (Bristline Decl., ECF No. 23-2 at ¶ 3). Defendant did not respond to any of these communications, nor did it remove the CONOCO Marks and Trade Dress from the Infringing Site. (*Id.* at ¶¶ 2–5).

As a result, Plaintiff initiated this lawsuit against Defendant on July 2, 2024, followed by the filing of the First Amended Complaint on August 20, 2024. (ECF Nos. 1, 7). Plaintiff sought an entry of default from the Clerk of Court under Rule 55(a) on September 17, 2024, which was entered the same day. (ECF No. 11). On October 23, 2024, Plaintiff filed a motion for default judgment, which the Court denied without prejudice because Plaintiff had not provided facts sufficient to show that Defendant was properly served. (ECF Nos. 13, 15).

Thereafter, Plaintiff engaged a licensed private investigator to identify an appropriate individual authorized to accept service on behalf of Defendant. (Drobny Decl., ECF No. 21 at ¶ 1). The investigator determined that Alexander Prakhin serves as Defendant's president. (*Id.* at ¶ 3–4). Mr. Prakhin was served at his home on December 19, 2024. (ECF No. 20-1).

Following Defendant's failure to appear, answer, or otherwise plead, Plaintiff filed a Request for Clerk's Certificate of Default on January 22, 2025, and the Clerk's Entry of Default was entered the same day. (ECF No. 19). On May 8, 2025, Plaintiff filed the present Motion for Default Judgment, along with its request for a permanent injunction. (ECF No. 23).

## II.     LEGAL STANDARDS

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(a), a plaintiff may request an entry of default by the clerk of court as to "a party against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Once a default has been entered, the plaintiff may then seek the entry of a default judgment—either by the clerk or the court itself—under Rule 55(b). FED. R. CIV. P. 55(b).

A party is not entitled to a default judgment as of right; "the entry of such a judgment is left primarily to the discretion of the district court." *DirecTV, Inc. v. Asher*, No. 03-01969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing *Hritz v. Woma*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Because default judgments prevent the resolution of claims on their merits, courts generally "do[ ] not favor entry of defaults and default judgments.'" *United States v. Thompson*, No. 16-00857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). When considering a motion for default judgment, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages." *DirecTV*, 2006 WL 680533, at *1 (citation omitted). In contrast, "the Court need not accept the moving party's legal conclusions, because even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (alterations and quotation omitted) (citation omitted).

Through this lens, the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the

2

Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Group LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015) (citing *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535–36 (D.N.J. 2008); *Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC*, No. 10–4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011)).

Additionally, the Court must consider the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). If these factors weigh in a plaintiff's favor, the court may grant default judgment.

### B. Permanent Injunction

In determining whether to grant a permanent injunction, courts consider whether: "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001) (citing *ACLU v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 n.2–3 (3d Cir. 1996)).

## III. ENTRY OF DEFAULT JUDGMENT

### A. Jurisdiction and Service

Here, Plaintiff brings two counts of trademark and trade dress infringement under the Lanham Act, 15 U.S.C. § 1114 ("Count I") and 15 U.S.C. § 1125(a) ("Count II"). (Am. Compl., ECF No. 7). This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Lanham Act claims. *See* 15 U.S.C. § 1121; 28 U.S.C. § 1338. The Court also has specific personal jurisdiction over Defendant because the "controversy is related to or arises out of defendant's contacts with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501, at *3 (quotation marks omitted) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Additionally, the Court finds that Plaintiff has now set forth sufficient facts to demonstrate that Defendant was properly served. As a limited liability company, Defendant could be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Here, Defendant was served on December 19, 2024 by leaving a copy of the summons and complaint with its president, Alexander Prakhin. (ECF No. 20-1). Therefore, service was proper, and the Court has jurisdiction over the matter and the Parties.

## B. Liability and Appropriateness of Default Judgment

Turning first to the appropriateness of an entry of default judgment, courts must consider the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc.*, 250 F.R.D. at 177 (citation omitted).

First, the Court cannot identify on the present record a meritorious defense. Indeed, Plaintiff has provided evidence that Defendant continues to use the CONOCO Marks and Trade Dress at the Infringing Site. (Scull Decl., ECF No. 23-3; *see also* Am. Compl., ECF No. 7 at ¶¶ 20–26). Additionally, the fact that Defendant has not responded to the Complaint suggests a lack of meritorious defense. *See Piquante Brands Int'l, Ltd. v. Chloe Foods Corp.*, No. 08-4248, 2009 WL 1687484 at *5 (D.N.J. June 09, 2009) ("Obviously, due to Defendant's failure to respond to this litigation in any fashion, the Court cannot discern a meritorious defense on behalf of Defendant.").

Second, Plaintiff will suffer prejudice in the absence of the entry of default judgment as Defendant continues to use the CONOCO Marks and Trade Dress without a valid agreement and has ignored numerous communications by Plaintiff prior to the filing of this Motion. (Bristline Decl., ECF No. 23-2 at ¶¶ 2–4; Scull Decl., ECF No. 23-3 at ¶¶ 2–5; *see also* Am. Compl., ECF No. 7 at ¶¶ 21–23). Furthermore, if default judgment is not granted, Plaintiff will be forced to expend further time, effort, and resources attempting to push Defendant to respond to the summons and participate in these proceedings.

Finally, Defendant has acted culpably due to its failure to appear or answer the Complaint, prompting the filing of this Motion. Defendant had notice of the Complaint and did not respond. (Friedman Decl., ECF No. 20 at ¶ 5–7); *see e.g., E.A. Sween Co., Inc., v. Deli Express of Tenafly, LLC*, 19 F. Supp. 3d 560, 575–76 (D.N.J. 2014) ("[T]he Defendant's failure to answer evinces the Defendant's culpability in its default. There is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent.") (citations omitted).

As to liability, to prove a claim for trademark or trade dress infringement and unfair competition under the Lanham Act, Plaintiff must show that: "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994) (citations omitted); *see also A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) (citation omitted) ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards.").

Here, Plaintiff has demonstrated that the CONOCO Marks and Trade Dress are valid and registered in accordance with the Lanham Act. (Am. Compl., ECF No. 7 at ¶¶ 7–10, Ex. A; Pl.'s Mot., ECF No. 23-1 at 14–17). If a trademark is federally registered and thus has become

"incontestable," "validity, legal protectability, and ownership are proved." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991) (citation omitted).

Additionally, Plaintiff has shown that Defendant's unauthorized use of the CONOCO Marks and Trade Dress will likely create confusion. Courts have held that "there is a great likelihood of confusion when an infringer uses the exact trademark" as the plaintiff. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) (citations omitted); *see also Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 183 (3d Cir. 2010) (citation omitted) ("The single most important factor in determining likelihood of confusion is mark similarity."); *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 462–63 (3d Cir. 1983) (establishing the Third Circuit's non-exhaustive eight-factor test for determining likelihood of confusion, the first of which is mark similarity). Because the Parties are using the same legally protectable trademark and trade dress, Defendant's use will likely cause customer confusion about Defendant's affiliation with Plaintiff. Plaintiff has thus stated a claim for federal trademark infringement under 15 U.S.C. § 1114, as well as unfair competition and trademark infringement under 15 U.S.C. § 1125(a).

For all these reasons, the entry of default judgment is appropriate.

### IV.     **ENTRY OF PERMANENT INJUNCTION**

Plaintiff also seeks a permanent injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act, 15 U.S.C. § 1116(a). (Pl.'s Mot., ECF No. 23-1 at 24–29). In evaluating whether to issue a permanent injunction, courts consider the following factors: (1) whether the plaintiff has achieved actual success on the merits; (2) whether the plaintiff will suffer irreparable harm if injunctive relief is denied; (3) whether granting the injunction would cause greater harm to the defendant; and (4) whether the public interest would be served by the injunction. *See Shields*, 254 F.3d at 482 (citation omitted).

As discussed above, Plaintiff has shown actual success on the merits. *See e.g., Serv. Experts LLC v. Baxter*, No. 21-18281, 2024 WL 2795891, at *5 (D.N.J. May 31, 2024) (finding "actual success on the merits" where plaintiff supported its claims with affidavits and declarations despite defendant's default). Therefore, the first element has been satisfied.

Plaintiff has also shown that it will be irreparably harmed by Defendant's conduct absent injunctive relief. "Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill." *S & R Corp.*, 968 F.2d at 378 (citation omitted). Additionally, courts have held that trademark infringement amounts to irreparable injury as a matter of law. *Id.* (citation omitted). As Plaintiff is likely to succeed on its trademark infringement claim, it is also able to

5

show irreparable harm.[1] As such, the second element for a permanent injunction is met.

Third, the injunction will not result in greater harm to Defendant. Indeed, the harm stemming from Defendant's continued use of the CONOCO Marks and Trade Dress without Plaintiff's permission far outweighs any harm from a permanent injunction. Specifically, "the issuance of an injunction would cause . . . Defendant no undue hardship, because an injunction will merely require Defendant to comply with the . . . Lanham Act." *Louis Vuitton Malletier, S.A. v. Mosseri*, No. 07-2620, 2009 WL 3633882, at *5 (D.N.J. Oct. 28, 2009). Moreover, any hardship suffered by Defendant under a permanent injunction would be minimal as it may continue to operate without displaying the CONOCO Marks and Trade Dress. In contrast, Defendant's unauthorized use of the CONOCO Marks and Trade Dress places Plaintiff's reputation and goodwill at risk and is likely to confuse consumers, as these identifiers have become distinctive and are recognized by consumers as designating the source of Plaintiff's goods and services. (Pl.'s Mot., ECF No. 23-1 at 30). Thus, the balance of harm weighs in Plaintiff's favor.

For similar reasons, the entry of an injunction would be in the public interest. "In a trademark case, the public interest is 'most often a synonym for the right of the public not to be deceived or confused.'" *S & R Corp.*, 968 F.2d at 379 (citation omitted). An infringer's use of a trademark damages the public interest when his concurrent use of the trademark has the potential to cause confusion among the public. *Id.* That is certainly the case here. As such, injunctive relief would be in the public's interest.

In short, Plaintiff has satisfied all four elements for the entry of a permanent injunction.

## V. <u>CONCLUSION</u>

Therefore, for the reasons expressed above, it is ordered that Plaintiff's Motion for Default Judgment and a Permanent Injunction is **GRANTED**. (ECF No. 23).

**SO ORDERED**.

**CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Additionally, even putting aside the trademark infringement claim, Plaintiff has plausibly shown that there is a loss of control of reputation and loss of goodwill due to the possibility of confusion. *See S & R Corp.*, 968 F.2d at 378 (citation omitted). Defendant's unauthorized use of the CONOCO Marks and Trade Dress is likely to cause confusion among the public, and Plaintiff is harmed by its inability to control the nature and quality of the products and services associated with the CONOCO Marks and Trade Dress, placing Plaintiff's reputation and goodwill in Defendant's hands. (Pl.'s Mot., ECF No. 23-1 at 27–28).